ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMOS BALONGO,<br><br>    Plaintiff<br><br>vs.<br><br>ANDREA WAFULA BALONGO,<br><br>    Defendant. | Case No: CV23 00472 JMS WRP<br><br>COMPALAINT<br><br>DEMAND FOR JURY TRIAL |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 22 2023

at 12 o'clock and 10 min. PM
Lucy H. Carrillo, Clerk    (PMP, RCT #1904)

COMES NOW plaintiff Amos Balongo, proceeding pro se brings this action against the above Defendant, Plaintiff allege the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to themselves.

## I. INTRODUCTION

1.    This is an action for damages arising from the intentional and malicious acts of Defendant, Andrea Wafula Balongo, who engaged in a course of conduct including blackmail and extortion, thereby causing severe emotional distress and significant financial harm to Plaintiff, Amos Balongo.

2.    Defendant's acts and practices, as described herein, constitute professional misconduct, legal malpractice, unlawful discrimination or unfair professional practices, in that (1) Defendant's practices violate numerous statutes as described in this Complaint; (2) the justification for Defendant's conducts are outweighed by the gravity of the consequences to Plaintiff; (3) Defendant's conducts are immoral, unethical, oppressive, unconscionable, or substantially injurious to Plaintiff, and/or; (4) the uniform conduct of Defendant has a tendency to harass Plaintiff.

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims alleged herein arise under the laws of the United States. Additionally, this suit is seeking monetary damages in excess of $75,000.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), and a substantial part of the events giving rise to the claims occurred in this District.

5.      All conditions precedent to this action have been performed, satisfied or waived.

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## III. PARTIES

7.      Plaintiff Amos Balongo (Amos) at all times relevant to this litigation is a citizen of the United States and reside at 94-1221 Kauka Blvd, Suite 108-300, Waipahu, Hawaii 96797. Plaintiff is the founder and operator of Camp Ohana Village, a program aimed at providing educational and cultural opportunities to underprivileged children in a village in western Kenya.

8.      Upon information and Belief, Defendant, Andrea Wafula Balongo (Andrea) is an individual believed to be living in Fairfax Virginia. Defendant is the brother of the Plaintiff and has engaged in a series of threats, extortion, and blackmail against the Plaintiff, causing significant harm to his personal and professional life.

## IV. FACTUAL BACKGROUND

9.      Since 2009, the Plaintiff, Amos Balongo, has been operating Camp Ohana Village, a program aimed at providing educational and cultural opportunities to underprivileged children in a village located in western Kenya. The program has achieved commendable milestones, including the establishment of the first children's

library in Kenya, as well as various music, art, and photography programs, along with global citizenship initiatives.

10.     The Plaintiff has conducted these programs at the Camp Ohana Village location since 2008. However, in March 2016, the Plaintiff's father passed away, and in February 2021, his mother also passed away.

11.     Following his mother's death, the Defendant, Andrea Wafula Balongo, the Plaintiff's brother, began issuing threats directed at the Plaintiff.

12.     The Defendant's threats, coupled with acts of extortion and blackmail, compelled the Plaintiff to terminate the Camp Ohana Village program in 2021 due to concerns for the safety of his volunteers.

13.     On or about March 7th, 2021, the Defendant sent an email to the Plaintiff, explicitly stating that if the Plaintiff did not cease the program's activities at Camp Ohana Village and "go away quietly," the Defendant would report the Plaintiff to the Internal Revenue Service (IRS) and other regulatory authorities. It is crucial to note that, at this point, the Plaintiff had been operating the program for the past 13 years.

14.     The Defendant persisted in making threats and continued sending multiple intimidating emails until approximately June 2021. The Plaintiff chose not to respond to any of these emails, which remained unanswered for over nine months.

15.     The Plaintiff has attached several of the emails sent by the Defendant during the period from March 2021 to November 2021, which demonstrate instances of extortion and blackmail. However, it should be noted that the Defendant sent numerous other threatening emails during this time frame.

16.     To address the escalating situation, the Plaintiff retained the services of Forrest Hamilton, an attorney, in June 2021. Hamilton, on behalf of the Plaintiff, sent the Defendant a Cease and Desist letter. The letter specifically informed the Defendant that his actions violated the provisions of 18 United States Code §873 (Blackmail) and Code

875 (Extortion). The Plaintiff has attached a copy of the Cease and Desist letter from the Law Offices of Forrest Hamilton for this court reference.

17.    Despite receiving the Cease and Desist letter, the Defendant persisted in sending threats via email and explicitly stated that he would not cease his intimidating actions. Moreover, the Defendant threatened to expose the Plaintiff to various individuals, including the Plaintiff's pastor in Hawaii and his wife's family, using email as the medium of communication.

18.    The Defendant's threatening emails continued to escalate, prompting the Plaintiff to report the matter to the Federal Bureau of Investigation (FBI) on multiple occasions, specifically on June 23rd, August 12th, and November 30th, all in the year 2021.

19.    In September 2021, the Defendant resorted to falsely accusing one of the Plaintiff's volunteers of engaging in sexual misconduct. The Plaintiff believes that this false accusation was a deliberate attempt to disrupt the operations of Camp Ohana Village, especially since the Defendant's previous threats via email had been unsuccessful. Subsequently, the targeted volunteer filed a defamation case against the Defendant in the Kenyan courts.

20.    Around November 2021, after receiving a summons for the defamation case brought against him by the volunteer, the Defendant sent another threatening email to the Plaintiff. In this email, the Defendant issued an ultimatum, demanding that the Plaintiff intervene and ask the volunteer to drop the defamation case. Failure to comply would result in the Defendant reporting the Plaintiff and his activities to the appropriate authorities and regulators.

21.    The Plaintiff highlights that numerous court proceedings have taken place, and the Defendant's counsel has thus far failed to substantiate the false accusations against the volunteer. Instead, the Defendant's counsel has employed delay tactics, impeding the timely delivery of justice.

22.    Furthermore, due to the increasingly hostile environment created by the Defendant, the Plaintiff felt compelled to relocate certain items from the location in

question in late September 2021. This relocation was undertaken to explore alternative options for delivering the programs, as the Defendant's actions had created an environment wherein the volunteers no longer felt comfortable running the programs.

23.    In October 2021, the Defendant sent an email expressing satisfaction that the Plaintiff had moved items from the location, insinuating that his attempts at extortion and blackmail had been successful.

24.    As a result of the Defendant's actions, threats, and intimidation, the Plaintiff was left with no choice but to discontinue serving the underprivileged children at Camp Ohana Village—a program he had devoted over 13 years of his life to develop. This cessation represents a significant loss, given the substantial amount of time, effort, and financial resources invested in developing the program and the accompanying infrastructure at the location.

25.    The Plaintiff's volunteers now live in fear of being targeted by the Defendant, severely impairing the Plaintiff's ability to utilize his network of volunteers, who play a pivotal role in delivering the programs.

26.    Consequently, the Defendant's actions have caused the Plaintiff and the volunteers to endure considerable physical and emotional pain, stress, and suffering, including depression, anxiety, and an inability to carry out their daily responsibilities.

27.    The Plaintiff personally has suffered severe depression as a direct result of the Defendant's threats and has been compelled to seek medical care. As a testament to the mental health consequences of the Defendant's actions, the Plaintiff has been undergoing mental health treatment with a healthcare professional on a bi-weekly basis. Supporting evidence from the Plaintiff's healthcare provider is provided to substantiate this claim.

28.    It is important to emphasize that the Defendant's accusations of fraud against the Plaintiff are entirely false. The Camp Ohana team and volunteers have firmly rejected these claims, considering them baseless, unjust, and lacking merit. Many have

questioned the timing of the Defendant's actions and his threat to report the Plaintiff to the IRS unless his demands were met.

## COUNT I

## CIVIL EXTORTION

29.     Plaintiff realleges and incorporates by reference paragraphs 1-28 as if fully set forth herein.

30.     The Defendant engaged in a course of conduct constituting extortion by intentionally and knowingly transmitting communications of a threatening nature to the Plaintiff, with the purpose of coercing the Plaintiff into providing something of value.

31.     On or around March 7th, 2021, the Defendant conveyed an email to the Plaintiff, explicitly declaring that unless the Plaintiff discontinued the activities associated with the Camp Ohana Village program and departed without opposition, the Defendant would report the Plaintiff to the Internal Revenue Service (IRS) and other regulatory agencies. This communication constituted a threat to report the Plaintiff to authorities with the aim of compelling compliance with the Defendant's demands.

32.     The Defendant persisted in making threats and continued to dispatch multiple intimidating emails until approximately June 2021, thereby reinforcing the Defendant's intent to use coercion to force the Plaintiff to comply with the Defendant's demands.

33.     Despite receiving a Cease and Desist letter from the Plaintiff's attorney, which expressly notified the Defendant that their actions contravened the provisions stipulated in 18 United States Code §875, the Defendant continued to send threatening communications through email and explicitly stated their refusal to discontinue their intimidating conduct.

34.     The Defendant's intimidating emails, false accusations, and attempts to disrupt the operations of Camp Ohana Village have inflicted severe emotional distress, financial harm, and damage to the Plaintiff's reputation.

35.    As a direct result of the Defendant's actions, the Plaintiff and the volunteers have endured considerable physical and emotional pain, stress, and suffering, including depression, anxiety, and an inability to carry out their daily responsibilities.

36.    The Plaintiff has sought medical care and has been undergoing mental health treatment on a bi-weekly basis, demonstrating the severe psychological impact of the Defendant's threats.

37.    The Defendant's actions have caused the Plaintiff to discontinue serving underprivileged children at Camp Ohana Village, resulting in a significant loss of time, effort, and financial resources invested in the development of the program and the accompanying infrastructure at the location.

## COUNT II

## HARASSMENT

38.    Plaintiff has alleged and incorporated by reference paragraphs 1-28 of the complaint as if fully set forth herein.

39.    Defendant engaged in a course of conduct constituting harassment against Plaintiff.

40.    Defendant's course of conduct included threats, intimidation, and false accusations directed at Plaintiff with the intent to cause distress and harm.

41.    Defendant's threats and acts of extortion, as previously described, can be characterized as a form of harassment aimed at coercing Plaintiff into compliance with Defendant's demands.

42.    Defendant's repeated and persistent sending of threatening emails, along with false accusations, created a hostile environment for Plaintiff and his volunteers, causing emotional distress and fear.

43.     Plaintiff and the volunteers have suffered physical and emotional pain, stress, and suffering, including depression, anxiety, and an inability to carry out their daily responsibilities as a result of Defendant's harassment.

44.     Plaintiff has sought medical care for severe depression caused directly by Defendant's threats.

45.     Defendant's harassment has disrupted the operations of Camp Ohana Village, resulting in harm to Plaintiff's reputation, emotional well-being, and the ability to serve underprivileged children.

46.     The Plaintiff seeks to hold the Defendant liable for harassment and requests the Court to grant appropriate relief to address the harm caused.

## COUNT III
## DECLARATORY RELIEF

47.     Plaintiff has alleged and incorporated by reference paragraphs 1-28 of the complaint as if fully set forth herein.

48.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

49.     As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff.

50.     Plaintiff therefore seeks an order declaring Defendant's practice unlawful, and that Defendant is liable to Plaintiff for damages caused by that practice.

## REQUEST FOR RELIEF

Plaintiff, request judgments against Defendant as follows:

A.    Declaring Defendant's actions to be unlawful; permanently enjoining Defendant's 'performing further unfair and unlawful acts as alleged herein;

B.    For all recoverable compensatory, statutory, and other damages sustained by Plaintiff, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

C.    Granting Plaintiff awards of restitution and/or disgorgement of Defendant's profits from its unfair and unlawful practices described above;

D.    For costs;

E. For both pre-judgment and post-judgment interest on an amount to be decided at trial;

F.    For appropriate injunctive relief, including public injunctive relief,

G.    For treble damages in so far as they are allowed by applicable laws;

H.    For appropriate individual relief as requested above;

I.    For payment of attorneys' fees and expert fees as may be allowable under applicable law;

K.    For monetary compensation of USD 300,000.

L.    For such other and further relief, including declaratory relief, as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby requests that all triable issues be resolved through a trial by jury.

## RESERVATION OF RIGHTS

The Plaintiff retains the right to amend this Complaint at a later time, after conducting a thorough investigation and completing the discovery process. Such amendments may include the assertion of additional claims for relief against the Defendant or any other relevant parties, as deemed necessary based on the circumstances and in accordance with applicable laws.

Dated; November __22ᴺᴰ__ 2023

Submitted by: **AMOS BALONGO**

**AMOS BALONGO**

**94-1221 Kauka Blvd STE 108-300**

**Waipahu, Hi 96797**

**TEL: 954-288-5743**

**For Parties Without an Attorney**

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Date of signing: __NOV 22ᴺᴰ__, 20__23__

Signature of Plaintiff _____

Printed Name of Plaintiff __AMOS BALONGO__