IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMOS BALONGO,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREA WAFULA BALONGO,<br><br>  Defendant. | CIV. NO. 23-00472 JMS-WRP<br><br>ORDER GRANTING MOTION TO DISMISS, ECF NO. 21, WITHOUT PREJUDICE |

## ORDER GRANTING MOTION TO DISMISS, ECF NO. 21, WITHOUT PREJUDICE

## I. INTRODUCTION

Plaintiff Amos Balongo proceeding pro se, brought this diversity suit against his brother, Defendant Andrea Balongo, also appearing pro se. Both parties were apparently born and raised in Kenya; Plaintiff now claims to reside in Hawaii and Defendant appears to reside in Burlington, Ontario, Canada. Defendant has moved to dismiss the Complaint, claiming, among other grounds, that this court lacks personal jurisdiction over him. The court agrees, and DISMISSES Plaintiff's Complaint without prejudice.

## II. **BACKGROUND**

A.   **Factual Background**

The Complaint alleges that Plaintiff has operated, since 2009, "Camp Ohana Village," a program for underprivileged children in a village located in western Kenya. ECF No. 1 at PageID.2. Although the genesis of the disagreements is not clear, at some point the brothers began to dispute the running of Camp Ohana Village and Plaintiff's handling of its funds. As a result of this dispute, the brothers sent a series of emails to one another. Plaintiff claims that in approximately 2021, Defendant began to send threatening emails to Plaintiff—presumably while Plaintiff resided in Hawaii—which constituted acts of extortion and harassment. *Id*. at PageID.3, 7–8. For example, Plaintiff claims that "[o]n or about March 7th, 2021, the Defendant sent an email to the Plaintiff, explicitly stating that if the Plaintiff did not cease the program's activities at Camp Ohana Village and 'go away quietly,' the Defendant would report the Plaintiff to the Internal Revenue Service . . . and other regulatory authorities." *Id*. Plaintiff claims that Defendant threatened to expose Plaintiff's wrongdoing to various individuals, including Plaintiff's pastor in Hawaii. *Id*. at PageID.4. After Defendant accused—falsely according to the Complaint—one of Plaintiff's Camp Ohana volunteers of sexual misconduct, a defamation lawsuit was filed in Kenya. *Id*. As a result of the "hostile environment created by the Defendant," Plaintiff "felt compelled to

relocate" certain items in Kenya.  *Id*. at PageID.4–5.  Ultimately, Plaintiff "was left no choice but to discontinue serving the underprivileged children at Camp Ohana Village . . . ."  *Id*. at PageID.5.  Plaintiff claims that he and his volunteers have endured "physical and emotional pain, stress, and suffering, including depression, anxiety, and an inability to carry out their daily responsibilities."  *Id*.

On May 14, 2024, Defendant filed a Motion to Dismiss, ECF No. 21, for, among other reasons, "Lack of Jurisdiction—Defendant," *id*. at PageID.130.  He argues that he does not live in Hawaii, is not a United States citizen or resident, but instead is a "Kenyan Citizen and a Resident of Canada."  *Id*. at PageID.127.  The court construes the Motion as seeking dismissal in part for lack of personal jurisdiction.

In opposition to the Motion to Dismiss, Plaintiff submits the declaration of Nicole Lam, the owner and director of Prisma Dance, a Hawaii dance school.  ECF No. 27-13.  In her declaration, Lam states that in the past she travelled to Camp Ohana Village in Kenya with six of her Hawaii students.  *Id*. at PageID.207.  Further, she states that in 2021 "we were unable to continue" the work at Camp Ohana Village because of: (1) Defendant's false accusations against Plaintiff regarding the misappropriation of funds; and (2) Defendant's false accusation of sexual misconduct by a Camp Ohana Village volunteer.  *Id*. at PageID.208.  Although not clear, it appears that the allegations of "taking donor

money" and of the sexual misconduct by a volunteer were made public, and resulted in the closure of the camp.[1]

## B. Procedural Background

The Complaint, filed on November 22, 2023, includes claims of civil extortion, harassment, and declaratory relief.[2] ECF No. 1 at PageID.6–8. It seeks an injunction and monetary relief in the amount of $300,000. *Id*. at PageID.9. Defendant filed the Motion to Dismiss on May 14, 2024, arguing in part a lack of personal jurisdiction. ECF No. 21. Plaintiff filed his Opposition on June 3, 2024, and Defendant filed his Reply on June 10, 2024. ECF Nos. 27 & 28. The court decides the Motion to Dismiss without a hearing pursuant to Local Rule 7.1(c).

## III.  STANDARDS OF REVIEW

A federal court's personal jurisdiction may be challenged by motion pursuant to Federal Rule of Civil Procedure 12(b)(2). To withstand a motion to

---

[1] In his Complaint, Plaintiff alleges that because Defendant's email threats had been "unsuccessful," Defendant "resorted to falsely accusing one of Plaintiff's volunteers [at Camp Ohana Village] of engaging in sexual misconduct," and that this allegation gave rise to a defamantion lawsuit in Kenya. ECF No. 1 at PageID.4.

[2] In his Opposition to the Motion to Dismiss, Plaintiff claims that the court has federal question jurisdiction over the action, citing 18 U.S.C. §§ 873 (blackmail) and 875 (interstate communications). ECF No. 27 at PageID.189. But because these criminal statutes do not provide a private cause of action, they cannot form the basis of federal question jurisdiction. *See Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute'" (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))); *Vinayagam v. United States Dep't of Lab.*, 2023 WL 2756429, at *3–4 (D. Nev. Mar. 31, 2023) (finding no private cause of action under either 18 U.S.C. § 873 or § 875). Instead, the case falls under the court's diversity jurisdiction.

dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdictional facts. *See In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017)). "[U]ncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

The court liberally construes pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

### IV. <u>ANALYSIS</u>

**A.     Legal Standard for Personal Jurisdiciton**

"[P]ersonal jurisdiction over a[n out-of-state] defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55

(9th Cir. 2006) (citation omitted).  "In the usual case, the long-arm prong of the inquiry is governed by Federal Rule of Civil Procedure 4(k)(1)(A), which provides that a federal district court may exercise personal jurisdiction if the defendant is 'subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located'; that is, if the defendant is subject to personal jurisdiction under that forum state's long-arm statute."  *Hueter v. Kruse*, 576 F. Supp. 3d 743, 765 (D. Haw. 2021).  And Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, is coextensive with federal due process.  *See Womble Bond Dickinson (US) LLP v. Kim*, 153 Haw. 307, 313, 537 P.3d 1154, 1160 (2023); *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023).

Due process requires that a nonresident defendant have "'certain minimum contacts' with the forum [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  A defendant's minimum contacts can give rise to either general or specific jurisdiction.  *Ayla v. Alya Skin*, 11 F.4th 972, 979 (9th Cir. 2021).  A court may exercise general jurisdiction over a defendant whose connections to the forum are "so continuous and systematic" that the defendant is "essentially at home" there.  *Daimler AG v. Bauman*, 571 U.S.

117, 133 n.11 (2014).  For example, a court may exercise general jurisdiction over a defendant who resides in the forum state.  *See id.* at 137.

A court may exercise specific jurisdiction in more limited circumstances—when a case "arises out of or relates to the defendant's contacts with the forum."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)) (alterations omitted).  Whether specific jurisdiction is proper "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (alteration removed) (citation and quotation marks omitted).

The Ninth Circuit applies a three-part inquiry to determine whether a non-resident defendant has sufficient "minimum contacts" to warrant the exercise of personal jurisdiction: (1) "the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities;" and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."  *Wanat*, 970 F.3d at 1208 (citation, alteration and quotation marks omitted).  "All three prongs must be satisfied to assert personal jurisdiction . . . ."

*LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).  If a plaintiff satisfies his burden to prove the first two prongs, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable."  *Axiom Foods,* 874 F.3d at 1068–69 (citation and internal quotation marks omitted).

When a case, like here, raises tort claims, the court employs the purposeful direction test,[3] often referred to as the "effects" test.  *See id*. at 1069; *Calder v. Jones*, 465 U.S. 783, 788–89 (1984).[4]  Under this test, a defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069 (citation omitted).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal

---

[3] Specifically, "a purposeful direction analysis naturally applies in suits sounding in tort where the tort was committed outside the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 605 (9th Cir. 2018).  Here, Plaintiff alleges two tort claims—civil extortion and harassment—and these torts were allegedly committed by sending emails from outside the State of Hawaii to Plaintiff.  *See* ECF No. 1 at PageID.6–8.

[4] *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023), stated that when considering specific jurisdiction, courts should comprehensively evaluate a defendant's contacts with the forum state and those contacts' relationship with a plaintiff's claims, "which may mean looking at both purposeful availment and purposeful direction."  Here, there is no evidence whatsoever that Defendant purposefully availed himself of the privilege of conducting activities within the State of Hawaii.  *See id*. at 1163.  Thus, the court limits its discussion and analysis to the purposeful direction test.

quotation marks omitted). Thus, a "mere injury to a forum resident is not a sufficient connection to the forum." *Id*. at 290. Instead, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*.

> *Walden* further explained:
>
> For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. Two related aspects of this necessary relationship are relevant in this case.
>
> First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State. Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. . . . Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated.
>
> \*   \*   \*
>
> Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.
>
> \*   \*   \*
>
> [T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's

9

> conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.

*Id.* at 284–85 (internal citations and quotation marks omitted). Thus, due process "requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Stated differently, due process is not satisfied if "the forum state was only implicated by the happenstance of Plaintiff['s] residence." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146 (9th Cir. 2017).

      *Walden* also distinguished *Calder*, where the Court found sufficient contacts to satisfy due process. *Walden*, 571 U.S. at 286–88 (summarizing *Calder*, 465 U.S. at 788–90). In *Calder*, a California actress brought a libel action in California against a reporter and editor of the *National Enquirer*, both of whom resided in Florida. 465 U.S. at 784–85. The action was premised on an article published in the *National Enquirer*, which had a California circulation of approximately 600,000. *Id.* at 785. The Court determined that the following contacts were sufficient to satisfy due process: The defendants made phone calls to "California sources" to prepare the article; the defendants wrote about the Plaintiff's activities in California; reputational harm was caused in California based on an article "widely circulated in the State"; and the "brunt" of that injury

was suffered by the plaintiff in that State. *Walden*, 571 U.S. at 287 (citing *Calder*, 465 U.S. at 788–89). Thus, California was the "focal point" of both the story and the harm suffered. *Id*.

**B.      The Court Lacks Personal Jurisdiction over Defendant**

Based on the record before the court, without question, the court lacks general jurisdiction over Defendant—nothing indicates that Defendant has had any continuous contacts with Hawaii. Likewise, the court lacks specific jurisdiction. Plaintiff has failed to make a prima facie case that Defendant's suit-related conduct created a substantial connection with Hawaii. Stated differently, although Plaintiff has satisfied his burden to make a prima facie case as to whether Defendant committed an intentional act, he has failed to show that the alleged extortion and harassment was "expressly aimed" at the State of Hawaii. *See Walden*, 571 U.S. at 288 n.7 (quoting *Calder*, 465 U.S. at 789).

As the record demonstrates, Plaintiff and Defendant have an ongoing dispute over the running of a nonprofit in Kenya and various financial matters relating to that nonprofit. In engaging in the alleged acts of extortion and harassment, Defendant did not create any contacts with the State of Hawaii—instead, he sent emails to Plaintiff (which, though Plaintiff presumably resided in Hawaii, could have been opened and read in Hawaii, Kenya, or any other location

11

with internet access).⁵  At most, Plaintiff alleges that he and Prisma Dance students were harmed in Hawaii.  *See* ECF No. 27 at PageID.188–189; ECF No. 27-13.  But this is insufficient to establish specific jurisdiction under a purposeful direction analysis.  *See Morrill*, 873 F.3d at 1144–45 (stating that although "[h]arm suffered in the forum state is a necessary element in establishing purposeful direction" the foreseeability of some incidental harm "without more, does not show that Defendants expressly targeted the forum state"); *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) ("[A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.") (citation omitted); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1161 (S.D. Cal. 2018) ("As the Supreme Court made clear in *Walden v. Fiore*, something more is required than 'imposition of an injury . . . to be suffered by the plaintiff while she is residing in the forum state.'") (quoting *Walden*, 571 U.S. at 289 n.8).⁶

---

⁵ A specific jurisdiction analysis is limited to "the defendant's suit-related conduct." *Walden*, 571 U.S. at 284.  Thus, the court's inquiry focuses on the alleged acts of extortion and harassment.

⁶ The third part of the effects test requires that the defendant cause harm that he knows is likely to be suffered in the forum state.  *Axiom Foods*, 874 F.3d at 1069.  A defendant's actions may cause harm in multiple fora, and jurisdiction is proper in any forum where a "sufficient" amount of harm occurs.  *See Will Co. v. Lee*, 47 F.4th 917, 926 (9th Cir. 2022).  There is certainly nothing to suggest that Defendant knew, or should have known, that his actions would result in a third-party harm to Prisma Dance and/or its students.  Further, harm to a third-party does not, by itself, give rise to a jurisdictionally "sufficient" amount of harm.  *See Alhathloul v. DarkMatter Grp.*, 2023 WL 2537761, at *8 (D. Or. Mar. 16, 2023); *Naghavi v.*
(continued . . .)

This is particularly true given the nature of the specific allegations in this case. Any effects of Defendant's acts were felt in Kenya, where Camp Ohana Village was located, not Hawaii. And although harassment and extortion may impact Plaintiff, the effects of these torts in Hawaii "is merely to say that [he] lives there." *Bittman v. Fox*, 2015 WL 5612061, at *5 (N.D. Ill. Sept. 23, 2015); *Cityzenith Holdings, Inc. v. Liddell*, 2023 WL 5277888, at *4 (N.D. Ill. Aug. 15, 2023). Personal jurisdiction is improper if "the forum state was only implicated by the happenstance of [Plaintiff's] residence." *Morrill*, 873 F.3d at 1146; *see also Walden*, 571 U.S. at 285 (stating that a "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him").

This case is much more akin to *Walden* than *Calder*. The "focal point" of the alleged torts is the running of a non-profit in Kenya, not in the State of Hawaii. That Defendant apparently knew that Plaintiff resided in Hawaii, and that he threatened to inform Plaintiff's pastor in Hawaii, is simply insufficient to satisfy due process.

---

*Belter Health Measurement & Analysis Tech. Co.*, 2021 WL 461725, at *5 (S.D. Cal. Feb. 9, 2021).

In short, applying *Walden's* language, Plaintiff's alleged injury does not "evince a connection" between Defendant and Hawaii; it is not the sort of injury "tethered to [Hawaii] in any meaningful way"; and any contacts by Defendant are too attenuated to satisfy due process. *Walden*, 571 U.S. at 290–91. Plaintiff would have suffered the same injury he alleges whether he resided in Hawaii, Kenya, or elsewhere. As a result, Defendant is not connected to Hawaii in a way that establishes personal jurisdiction. *Id*.

## V. CONCLUSION

The court GRANTS the Defendant's Motion to Dismiss, ECF No. 21, based on a lack of personal jurisdiction.

The court seriously doubts whether an amendment to the Complaint could establish personal jurisdiction over Defendant in the District of Hawaii. Nevertheless, given Plaintiff's pro se status, the court will give Plaintiff leave to file a supplemental memorandum, consisting of no more than five pages (plus any attached documents), explaining how Plaintiff could amend his Complaint to establish personal jurisdiction over Defendant. That supplemental memorandum must be filed by July 26, 2024. Thereafter, the court will review the memorandum to determine whether to allow Plaintiff to file an Amended Complaint. Failure to file a supplemental memorandum by July 26, 2024, will result in dismissal of the action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Balongo v. Balongo,* Civ. No. 23-00472 JMS-WRP Order Granting Motion to Dismiss, ECF No. 21, Without Prejudice